UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   DOCKET NO._____
REGINA AIKEN, KELLY PHILLIPS,
KEVIN PHILLIPS, VANESSA PHILLIPS

                          Plaintiff,

                          -against-

THE CITY OF NEW YORK, P.O. BROWN,
P.O. MICHAEL PUNCH and P.O. JOHN DOE
                         Defendant.
------------------------------------------------------------------X

**10    0946**

**COMPLAINT**
**Plaintiff Demands a Jury Trial**

MAUSKOPF, J.

BLOOM, M.J.

Plaintiff, by his attorney, **GARY N. RAWLINS**, as and for his Verified Complaint, respectfully alleges, upon information and belief:

1. This is a civil litigation action seeking damages against Defendants for committing acts under color of law, and depriving Plaintiffs of rights secured by the Constitution and laws of the United States. Defendants, while acting in their capacities as policemen of The City of New York, State of New York, deprived Plaintiffs of their liberty without due process of law, thereby depriving Plaintiffs of their rights, privileges and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. The Court has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. § 1331.

2. The Plaintiffs, **REGINA AIKEN, KELLY PHILLIPS, KEVIN PHILLIPS and VANESSA PHILLIPS**, at all times herein mentioned were and still are resident of the County of Kings and the State of New York.

3. At all times mentioned herein, Defendants Detective **P.O. BROWN, P.O. MICHAEL PUNCH and P.O. JOHN DOE**, and others not presently known to Plaintiffs, at all times herein mentioned were and still are residents of the County of Kings, State of New York.

4. At all times herein mentioned, Defendant CITY OF NEW YORK ("NYC"), was and still is a municipal corporation, created, organized and existing under and by virtue of the laws of the State of New York.

5. At all times herein mentioned, the Defendant, NEW YORK CITY POLICE DEPARTMENT ("NYPD"), was and still is a municipal agency, created, organized and existing under and by virtue of the laws of the state of New York.

6. At all times herein mentioned, Defendants NYC and NYPD stood in such a relationship with each other in providing law enforcement services as to make each liable for the acts and omissions of the others.

7. Defendant NYC are vicariously liable for the acts of Defendants **P.O. BROWN, P.O. PUNCH and P.O. JOHN DOE.**

8. At all times herein mentioned, Defendants **P.O. BROWN, P.O. PUNCH and P.O. JOHN DOE** were and still are police officers employed by the New York City Police Department.

9. This incident occurred on October 23, 2007.

10. By reason of the foregoing, plaintiffs, sustained damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## AS AND FOR THE FIRST CAUSE OF ACTION
## FOR UNLAWFUL ARREST ON BEHALF OF REGINA AIKEN

11. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

12. On or about October 23, 2007, Defendants **P.O. BROWN, P.O PUNCH and P.O JOHN DOE** unlawfully and with malice arrested Plaintiff.

13. Defendants physically prevented Plaintiff **REGINA AIKEN** from leaving their custody and kept Plaintiff under their supervision without access to freedom, family and home.

14. Upon information and belief, Defendants arrested Plaintiff without a warrant or pretense of legal process, depriving Plaintiff of liberty. Plaintiff did not consent to the arrest.

15. All of the foregoing occurred without fault or provocation on the part of Plaintiff.

16. By reason of Defendants' actions, Plaintiff's constitutional rights were violated.

17. As a result, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

### AS AND FOR THE SECOND CAUSE OF ACTION
### FOR UNLAWFUL ARREST ON BEHALF OF VANESSA PHILLIPS

18. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

19. On or about October 23, 2007, Defendants **P.O. BROWN, P.O. PUNCH and P.O. JOHN DOE** unlawfully and with malice arrested Plaintiff.

20. Defendants physically prevented Plaintiff **VANESSSA PHILLIPS** from leaving their custody and kept Plaintiff under their supervision without access to freedom, family and home.

21. Upon information and belief, Defendants arrested Plaintiff without a warrant or pretense of legal process, depriving Plaintiff of liberty. Plaintiff did not consent to the arrest.

22. All of the foregoing occurred without fault or provocation on the part of Plaintiff.

23. By reason of Defendants' actions, Plaintiff constitutional rights have been violated.

24. As a result, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

### AS AND FOR THE THIRD CAUSE OF ACTION
### FOR UNLAWFUL ARREST ON BEHALF OF KELLY PHILLIPS

25. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

26. On or about October 23, 2007, Defendants **P.O. BROWN, P.O PUNCH and P.O. JOHN DOE** unlawfully and with malice arrested Plaintiff.

27. Defendants physically prevented Plaintiff **KELLY PHILLIPS** from leaving their

custody and kept Plaintiff under their supervision without access to freedom, family and home.

28. Upon information and belief, Defendants arrested Plaintiff without a warrant or pretense of legal process, depriving Plaintiff of liberty. Plaintiff did not consent to the arrest.

29. All of the foregoing occurred without fault or provocation on the part of plaintiff.

30. By reason of Defendants' actions, Plaintiff constitutional rights have been violated.

31. As a result, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

### AS AND FOR THE FOURTH CAUSE OF ACTION
### FOR UNLAWFUL ARREST ON BEHALF OF KEVIN PHILLIPS

32. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

33. On or about October 23, 2007, Defendants **P.O. BROWN, P.O. PUNCH and P.O. JOHN DOE** unlawfully and with malice arrested Plaintiff.

34. Defendants physically prevented Plaintiff **KEVIN PHILLIPS** from leaving their custody and kept Plaintiff under their supervision without access to freedom, family and home.

35. Upon information and belief, Defendants arrested Plaintiff without a warrant or pretense of legal process, depriving Plaintiff of liberty. Plaintiff did not consent to the arrest.

36. All of the foregoing occurred without fault or provocation on the part of Plaintiff.

37. By reason of Defendants' actions, Plaintiff constitutional rights have been violated.

38. As a result, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

### AS AND FOR THE FIFTH CAUSE OF ACTION
### FOR UNLAWFUL IMPRISONMENT ON BEHALF OF REGINA AIKEN

39. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

40. On or about October 23, 2007 at or about 703 Howard Ave., Defendants

wrongfully, unlawfully, maliciously, and without any warrant or pretense of legal process, imprisoned and confined Plaintiff, **REGINA AIKEN**, depriving Plaintiff of her liberty. Defendants' acts were committed under color of law.

41. Plaintiff was aware of said confinement and did not consent to it.

42. By reason of Defendants' actions, Plaintiff was deprived of her liberty and was otherwise greatly injured.

43. Consequently, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter individually and/or vicariously subjected Plaintiff, a citizen of the United States, to deprivations of her rights, privileges and immunities secured by the Constitution of the United States, and Plaintiff sustained deprivations of her personal liberty, invasions of her privacy, and violations of her civil rights, that include, but are not limited to, Plaintiff's right to be free and secure in her person and to be free from arrest, search and seizure except on probable cause or pursuant to warrant. Plaintiff has suffered and will continue to suffer from psychological harm, physical injury, mental distress, humiliation, embarrassment, fear, and defamation of her character and reputation, was prevented from attending to her usual duties, all to her damage in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR THE SIXTH CAUSE OF ACTION
## FOR UNLAWFUL IMPRISONMENT ON BEHALF OF VANESSA PHILLIPS

44. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

45. On or about October 23, 2007 at or about 703 Howard Ave., Defendants wrongfully, unlawfully, maliciously, and without any warrant or pretense of legal process, imprisoned and confined Plaintiff, **VANESSA PHILLIPS**, depriving Plaintiff of her liberty. Defendants' acts were committed under color of law.

46. Plaintiff was aware of said confinement and did not consent to it.

47. By reason of Defendants' actions, Plaintiff was deprived of her liberty and was otherwise greatly injured.

48. Consequently, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter individually and/or vicariously subjected Plaintiff, a citizen of the United States, to deprivations of her rights, privileges and immunities secured by the Constitution of the United States, and Plaintiff sustained deprivations of her personal liberty, invasions of her privacy, and violations of her civil rights, that include, but are not limited to, Plaintiff's right to be free and secure in her person and to be free from arrest, search and seizure except on probable cause or pursuant to warrant. Plaintiff has suffered and will continue to suffer from psychological harm, physical injury, mental distress, humiliation, embarrassment, fear, and defamation of her character and reputation, was prevented from attending to her usual duties, all to her damage in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR THE SEVENTH CAUSE OF ACTION
## FOR UNLAWFUL IMPRISONMENT ON BEHALF OF KELLY PHILLIPS

49. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

50. On or about October 23, 2007 at or about 703 Howard Ave., Defendants wrongfully, unlawfully, maliciously, and without any warrant or pretense of legal process, imprisoned and confined Plaintiff, **KELLY PHILLIPS**, depriving Plaintiff of her liberty. Defendants' acts were committed under color of law.

51. Plaintiff was aware of said confinement and did not consent to it.

52. By reason of Defendants' actions, Plaintiff was deprived of her liberty and

was otherwise greatly injured.

53. Consequently, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter individually and/or vicariously subjected Plaintiff, a citizen of the United States, to deprivations of her rights, privileges and immunities secured by the Constitution of the United States, and Plaintiff sustained deprivations of her personal liberty, invasions of her privacy, and violations of her civil rights, that include, but are not limited to, Plaintiff's right to be free and secure in her person and to be free from arrest, search and seizure except on probable cause or pursuant to warrant. Plaintiff has suffered and will continue to suffer from psychological harm, physical injury, mental distress, humiliation, embarrassment, fear, and defamation of her character and reputation, was prevented from attending to her usual duties, all to her damage in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR THE EIGHTH CAUSE OF ACTION
## FOR UNLAWFUL IMPRISONMENT ON BEHALF OF KEVIN PHILLIPS

54. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

55. On or about October 23, 2007 at or about 703 Howard Ave Brooklyn, NY 11212, Defendants wrongfully, unlawfully, maliciously, and without any warrant or pretense of legal process, imprisoned and confined Plaintiff, **KEVIN PHILLIPS**, depriving Plaintiff of his liberty. Defendants' acts were committed under color of law.

56. Plaintiff was aware of said confinement and did not consent to it.

57. By reason of Defendants' actions, Plaintiff was deprived of his liberty and was otherwise greatly injured.

58. Consequently, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter individually and/or vicariously subjected Plaintiff, a citizen of the United States, to deprivations of his rights, privileges and immunities secured by the Constitution of the United States, and Plaintiff sustained deprivations of his personal liberty, invasions of his privacy, and violations of his civil rights, that include, but are not limited to, Plaintiff's right to be free and secure in his person and to be free from arrest, search and seizure except on probable cause or pursuant to warrant. Plaintiff has suffered and will continue to suffer from psychological harm, physical injury, mental distress, humiliation, embarrassment, fear, and defamation of his character and reputation, was prevented from attending to his usual duties, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR THE NINTH CAUSE OF ACTION
## FOR UNREASONABLE FORCE IN VIOLATION OF REGINA AIKEN's 4TH AMENDMENT RIGHTS

59. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

60. The amount and type of physical force used in the course of Plaintiff's seizure and arrest was unreasonable and violated Plaintiff's right to be secure in her person against unreasonable seizures.

61. The amount and type of physical force used in the course of Plaintiff's seizure and arrest caused immediate injury in the form of pain, suffering, bruises and shock.

62. All of the above occurred without any fault of provocation on Plaintiff's part.

63. The Defendant **P.O. BROWN** kicked Plaintiff, **REGINA AIKEN** in her face. Then Defendant **P.O. PUNCH** put his foot in Plaintiff's neck and assaulted without justification.

64. The Defendants failed their duty to act as reasonable police officers would under the circumstances.

65. Plaintiff, **REGINA AIKEN** did not pose any threat to the safety to the officers would under the circumstances.

66. As a result of the excessive force, Plaintiff **REGINA AIKEN**, a free citizen of the United States, was subjected to deprivations of her constitutional rights under the Fourth Amendment.

67. As a result, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over the matter.

### AS AND FOR THE TENTH CAUSE OF ACTION
### AGAINST DEFENDANT NYC FOR FAILURE TO TRAIN OR SUPERVISE

68. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

69. At all times mentioned herein, Defendant NYC knew that its Defendant employees engaged in the unlawful practice of using persons with substance abuse problems as informants.

70. Defendant NYC knew that such practice posed a risk of a violation of Plaintiff's constitutional rights and disregarded that risk.

71. Defendant NYC acquiesced in and condoned such practice and trained its officers to use this practice, failing to stop it and train and supervise to develop an alternative meaningful way of gathering information to support its cases.

72. As a result, Plaintiff **REGINA AIKEN**, was injured to her damages in an amount that exceeds the jurisdiction limits of all lower courts that would otherwise have jurisdiction over this matter.

### AS AND FOR THE SIXTH CAUSE OF ACTION
### AGAINST DEFENDANT NYC FOR NEGLIGENT HIRING

73. Plaintiffs repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

74. At all time mentioned herein, Defendant NYC knew and/or should have known that it hired and continued to employ individuals who were unfit for the official duties delegated to them in that the abused their official authority and committed violations of constitutional rights of the U.S. citizens, including Plaintiffs.

75. Defendant NYC hired and continued to employ individuals unfit for the law enforcement, investigatory and prosecutorial responsibilities to which they were assigned.

76. Defendant NYC hired and continued to employ individuals engaging in the unlawful practice of arresting, imprisoning and prosecuting U.S. citizens, including Plaintiffs, based on false and reliable information procured from persons with substance abuse problems.

77. Defendant NYC negligently, with reckless disregard of the risk, and with deliberate indifference created a situation where it was likely that its officers, including Detective **P.O. BROWN, P.O. MICHAEL PUNCH and P.O. JOHN DOE**, would engage in unlawful acts during the course of their employment and cause others, including Plaintiffs, to be unlawfully arrested, imprisoned, prosecuted, and deprived of constitutional rights.

78. Defendant NYC deliberately turned a blind eye to the practices of its officers and in fact acquiesced in and condoned the acts of its employees

79. As a result, Plaintiff **REGINA AIKEN** was injured to his damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over the matter.

**WHEREFORE**, Plaintiffs demands a judgment awarding damages against each and every Defendant in each separate cause of action in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter; punitive damages; and interest, attorneys fees, the costs and disbursements of this action; together with such other and further relief as to this Court seems just and proper.

Dated:   February 24, 2010
         New York, NY

Respectfully submitted,

By: _____
    Gary N. Rawlins, Esq.
    The Rawlins Law Firm, PLLC
    *Attorneys for Plaintiff*
    80 Broad Street, 5th Floor
    New York, NY 10004
    Phone: (212) 926-0050
    Fax: (212) 926-0059

TO:

CITY OF NEW YORK
100 Church Street
New York, NY 10007

NEW YORK CITY POLICE DEPARTMENT
One Police Plaza
New York, NY

DETECTIVE MICHAEL PUNCH and P.O. FONROSE
One Police Plaza
New York, NY