UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X                DOCKET NO.10 CV 946
                                                                                                      (RRM)(LB)
REGINA AIKEN, KELLY PHILLIPS, KEVIN PHILLIPS and
VANESSA PHILLIPS


                          Plaintiffs,

            -against-                                                                    **AMENDED**
                                                                                                      **COMPLAINT**
                                                                                                      <u>Plaintiff Demands a Jury Trial</u>

THE CITY OF NEW YORK, P.O. MICHAEL PUNCH,
SERGEANT THOMAS LENT, SERGEANT JAMES
CARBONARO, OFFICER DANIEL SHOOK, DEPUTY
INSPECTOR JEFFREY MADDREY, LIEUTENANT
JAMES STEVENSON, OFFICER ANTHONY
GONZALEZ, OFFICER DAVID LAWRENCE, OFFICER
BROWN and SCOTT ZINC.

                         Defendants,
------------------------------------------------------------------X

       Plaintiff, by his attorney, **GARY N. RAWLINS**, as and for his Verified Complaint, respectfully alleges, upon information and belief:

       1.     This is a civil litigation action seeking damages against Defendants for committing acts under color of law, and depriving Plaintiffs of rights secured by the Constitution and laws of the United States.  Defendants, while acting in their capacities as policemen of The City of New York, State of New York, deprived Plaintiffs of their liberty without due process of law, thereby depriving Plaintiffs of their rights, privileges and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. The Court has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. § 1331.

       2.     The Plaintiffs, **REGINA AIKEN, KELLY PHILLIPS, KEVIN PHILLIPS and VANESSA PHILLIPS**, at all times herein mentioned were and still are residents of the County of Kings and the State of New York.

       3.     At all times mentioned herein, Defendants **THE CITY OF NEW**

**YORK, P.O. MICHAEL PUNCH, SERGEANT THOMAS LENT, SERGEANT JAMES CARBONARO, OFFICER DANIEL SHOOK, DEPUTY INSPECTOR JEFFREY MADDREY, LIEUTENANT JAMES STEVENSON, OFFICER ANTHONY GONZALEZ and OFFICER DAVID LAWRENCE, OFFICER BROWN and SCOTT ZINC** at all times herein mentioned were and still are residents of the County of Kings, State of New York.

  4  At all times herein mentioned, Defendant CITY OF NEW YORK ("NYC"), was and still is a municipal corporation, created, organized and existing under and by virtue of the laws of the State of New York.

  5  At all times herein mentioned, the Defendant, NEW YORK CITY POLICE DEPARTMENT ("NYPD"), was and still is a municipal agency, created, organized and existing under and by virtue of the laws of the state of New York.

  6  At all times herein mentioned, Defendants NYC and NYPD stood in such a relationship with each other in providing law enforcement services as to make each liable for the acts and omissions of the others.

  7.  Defendant NYC are vicariously liable for the acts of Defendants **THE CITY OF NEW YORK, P.O. MICHAEL PUNCH, SERGEANT THOMAS LENT, SERGEANT JAMES CARBONARO, OFFICER DANIEL SHOOK, DEPUTY INSPECTOR JEFFREY MADDREY, LIEUTENANT JAMES STEVENSON, OFFICER ANTHONY GONZALEZ and OFFICER DAVID LAWRENCE OFFICER BROWN and SCOTT ZINC.**

  8.  At all times herein mentioned, Defendants **THE CITY OF NEW YORK, P.O. MICHAEL PUNCH, SERGEANT THOMAS LENT, SERGEANT JAMES CARBONARO, OFFICER DANIEL SHOOK, DEPUTY INSPECTOR JEFFREY MADDREY, LIEUTENANT JAMES STEVENSON, OFFICER ANTHONY GONZALEZ**

**and OFFICER DAVID LAWRENCE OFFICER BROWN and SCOTT ZINC** were and still are police officers employed by the New York City Police Department.

9.   This incident occurred on October 23, 2007.

10.   By reason of the foregoing, plaintiffs, sustained damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### AS AND FOR THE FIRST CAUSE OF ACTION
### FOR UNLAWFUL ARREST ON BEHALF OF KELLY PHILLIPS

11.   Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

12.   On or about October 23, 2007, Defendants **THE CITY OF NEW YORK, P.O. MICHAEL PUNCH, SERGEANT THOMAS LENT, SERGEANT JAMES CARBONARO, OFFICER DANIEL SHOOK, DEPUTY INSPECTOR JEFFREY MADDREY, LIEUTENANT JAMES STEVENSON, OFFICER ANTHONY GONZALEZ and OFFICER DAVID LAWRENCE** OFFICER BROWN and SCOTT ZINC unlawfully and with malice arrested Plaintiff.

13.   Defendants physically prevented Plaintiff **KELLY PHILLIPS** from leaving their custody and kept Plaintiff under their supervision without access to freedom, family and home.

14.   Upon information and belief, Defendants arrested Plaintiff without a warrant or pretense of legal process, depriving Plaintiff of liberty. Plaintiff did not consent to the arrest.

15.   All of the foregoing occurred without fault or provocation on the part of plaintiff.

16.   By reason of Defendants' actions, Plaintiff constitutional rights have been violated.

17.   As a result, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR THE SECOND CAUSE OF ACTION
## FOR UNLAWFUL ARREST ON BEHALF OF KEVIN PHILLIPS

18.  Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

19.  On or about October 23, 2007, Defendants **THE CITY OF NEW YORK, P.O. MICHAEL PUNCH, SERGEANT THOMAS LENT, SERGEANT JAMES CARBONARO, OFFICER DANIEL SHOOK, DEPUTY INSPECTOR JEFFREY MADDREY, LIEUTENANT JAMES STEVENSON, OFFICER ANTHONY GONZALEZ and OFFICER DAVID LAWRENCE and** OFFICER BROWN and SCOTT ZINC unlawfully and with malice arrested Plaintiff.

20.  Defendants physically prevented Plaintiff **KEVIN PHILLIPS** from leaving their custody and kept Plaintiff under their supervision without access to freedom, family and home.

21.  Upon information and belief, Defendants arrested Plaintiff without a warrant or pretense of legal process, depriving Plaintiff of liberty. Plaintiff did not consent to the arrest.

22.  All of the foregoing occurred without fault or provocation on the part of Plaintiff.

23.  By reason of Defendants' actions, Plaintiff constitutional rights have been violated.

24.  As a result, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR THE THIRD CAUSE OF ACTION
## FOR UNLAWFUL IMPRISONMENT ON BEHALF OF KELLY PHILLIPS

25.  Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

26. On or about October 23, 2007 at or about 703 Howard Ave., Defendants wrongfully, unlawfully, maliciously, and without any warrant or pretense of legal process, imprisoned and confined Plaintiff, **KELLY PHILLIPS**, depriving Plaintiff of her liberty. Defendants' acts were committed under color of law.

27. Plaintiff was aware of said confinement and did not consent to it.

28. By reason of Defendants' actions, Plaintiff was deprived of her liberty and was otherwise greatly injured.

29. Consequently, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter individually and/or vicariously subjected Plaintiff, a citizen of the United States, to deprivations of her rights, privileges and immunities secured by the Constitution of the United States, and Plaintiff sustained deprivations of her personal liberty, invasions of her privacy, and violations of her civil rights, that include, but are not limited to, Plaintiff's right to be free and secure in her person and to be free from arrest, search and seizure except on probable cause or pursuant to warrant. Plaintiff has suffered and will continue to suffer from psychological harm, physical injury, mental distress, humiliation, embarrassment, fear, and defamation of her character and reputation, was prevented from attending to her usual duties, all to her damage in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

**AS AND FOR THE FOURTH CAUSE OF ACTION
FOR UNLAWFUL IMPRISONMENT ON BEHALF OF KEVIN PHILLIPS**

30. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

31. On or about October 23, 2007 at or about 703 Howard Ave Brooklyn, NY 11212,

Defendants wrongfully, unlawfully, maliciously, and without any warrant or pretense of legal process, imprisoned and confined Plaintiff, **KEVIN PHILLIPS**, depriving Plaintiff of his liberty.  Defendants' acts were committed under color of law.

32. Plaintiff was aware of said confinement and did not consent to it.

33. By reason of Defendants' actions, Plaintiff was deprived of his liberty and was otherwise greatly injured.

34. Consequently, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter individually and/or vicariously subjected Plaintiff, a citizen of the United States, to deprivations of his rights, privileges and immunities secured by the Constitution of the United States, and Plaintiff sustained deprivations of his personal liberty, invasions of his privacy, and violations of his civil rights, that include, but are not limited to, Plaintiff's right to be free and secure in his person and to be free from arrest, search and seizure except on probable cause or pursuant to warrant. Plaintiff has suffered and will continue to suffer from psychological harm, physical injury, mental distress, humiliation, embarrassment, fear, and defamation of his character and reputation, was prevented from attending to his usual duties, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

### AS AND FOR AN FIFTH  CAUSE OF ACTION FOR ASSAULT IN VIOLATION OF REGINA AIKEN'S CONSTITUTIONAL RIGHTS

35. Plaintiff REGINA AIKEN repeats and re-alleges each and every allegation contained above as if fully set forth herein.

36. Defendants **P.O. MICHAEL PUNCH, SERGEANT THOMAS LENT, SERGEANT JAMES CARBONARO, OFFICER DANIEL SHOOK, DEPUTY INSPECTOR JEFFREY MADDREY, LIEUTENANT JAMES STEVENSON, OFFICER ANTHONY GONZALEZ and OFFICER DAVID LAWRENCE and** OFFICER BROWN and SCOTT ZINC caused Plaintiff to apprehend and/or fear unfriendly contact.

37. A reasonable person in the same circumstances as Plaintiff would have apprehended and/ or feared unfriendly contact.

38. Defendants **P.O. MICHAEL PUNCH, SERGEANT THOMAS LENT, SERGEANT JAMES CARBONARO, OFFICER DANIEL SHOOK, DEPUTY INSPECTOR JEFFREY MADDREY, LIEUTENANT JAMES STEVENSON, OFFICER ANTHONY GONZALEZ and OFFICER DAVID LAWRENCE** and OFFICER BROWN and SCOTT ZINC assaulted Plaintiff REGINA AIKEN after pictures were taken with a camera in violation of her civil rights.

39. Defendants **P.O. MICHAEL PUNCH, SERGEANT THOMAS LENT, SERGEANT JAMES CARBONARO, OFFICER DANIEL SHOOK, DEPUTY INSPECTOR JEFFREY MADDREY, LIEUTENANT JAMES STEVENSON, OFFICER ANTHONY GONZALEZ and OFFICER DAVID LAWRENCE and** OFFICER BROWN and SCOTT ZINC assaulted Plaintiff, took her camera from her and removed and destroyed the memory card from camera she used to take photographs of the officers as they searched her residence.

40. Due to the Defendants' assault, Plaintiff **REGINA AIKEN** is entitled to damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR AN SIXTH CAUSE OF ACTION FOR ASSAULT IN VIOLATION OF VANESSA PHILLIPS' CONSTITUTIONAL RIGHTS

41. Plaintiff VANESSA PHILLIPS repeats and re-alleges each and every allegation contained above as if fully set forth herein.

42. Defendants **P.O. MICHAEL PUNCH, SERGEANT THOMAS LENT, SERGEANT JAMES CARBONARO, OFFICER DANIEL SHOOK, DEPUTY INSPECTOR JEFFREY MADDREY, LIEUTENANT JAMES STEVENSON, OFFICER ANTHONY GONZALEZ and OFFICER DAVID LAWRENCE** and OFFICER BROWN and SCOTT ZINC caused Plaintiff to apprehend and/or fear unfriendly contact.

43. A reasonable person in the same circumstances as Plaintiff would have apprehended and/ or feared unfriendly contact.

44. Defendants **P.O. MICHAEL PUNCH, SERGEANT THOMAS LENT, SERGEANT JAMES CARBONARO, OFFICER DANIEL SHOOK, DEPUTY INSPECTOR JEFFREY MADDREY, LIEUTENANT JAMES STEVENSON, OFFICER ANTHONY GONZALEZ and OFFICER DAVID LAWRENCE** and OFFICER BROWN and SCOT ZINC assaulted Plaintiff in violation of her civil rights after she took pictures of defendants and told them she was going to contact her lawyer. **P.O. MICHAEL PUNCH, SERGEANT THOMAS LENT, SERGEANT JAMES CARBONARO, OFFICER DANIEL SHOOK, DEPUTY INSPECTOR JEFFREY MADDREY, LIEUTENANT JAMES STEVENSON, OFFICER ANTHONY GONZALEZ and OFFICER DAVID LAWRENCE and OFFICER BROWN and SCOTT ZINC.**

45.     **Defendants P.O. MICHAEL PUNCH, SERGEANT THOMAS LENT, SERGEANT JAMES CARBONARO, OFFICER DANIEL SHOOK, DEPUTY INSPECTOR JEFFREY MADDREY, LIEUTENANT JAMES STEVENSON, OFFICER ANTHONY GONZALEZ and OFFICER DAVID LAWRENCE and OFFICER BROWN and SCOTT ZINC** removed and destroyed the memory card in camera that the pictures were taken with.

46.     Due to the Defendants' assault, Plaintiff **VANESSA PHILLIPS** is entitled to damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR AN SEVENTH CAUSE OF ACTION
## FOR MALICIOUS PROSECUTION ON BEHALF OF KELLY PHILLIPS

47.     Plaintiff repeats and re-allege each and every allegation set forth above with the same force and effect as if set forth at length herein.

48.     Defendants NYC and NYPD knew or should have known that Plaintiff **KELLY PHILLIPS** was innocent and that Defendants did not have a just cause to arrest and detain Plaintiff.

49.     Defendants with malice and willful intent, especially here where Defendants knew that they did not have just cause from the outset to arrest and detain Plaintiff violated her civil rights.

50.      Plaintiff was caused to sustain, shock, mental anguish, embarrassment, humiliation, and anxiety. Defendants' acts constituted malicious prosecution.

51.     That as a result of the foregoing, Plaintiff **KELLY PHILLIPS** seeks damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## FOR MALICIOUS PROSECUTION ON BEHALF OF KEVIN PHILLIPS

52. Plaintiff repeats and re-allege each and every allegation set forth above with the same force and effect as if set forth at length herein.

53. Defendants NYC and NYPD knew or should have known that Plaintiff **KEVIN PHILLIPS** was innocent and that Defendants did not have a just cause to arrest and detain Plaintiff.

54. Defendants with malice and willful intent, especially here where Defendants knew that they did not have just cause from the outset to arrest and detain Plaintiff violated his civil rights.

55. Plaintiff was caused to sustain, shock, mental anguish, embarrassment, humiliation, and anxiety. Defendants' acts constituted malicious prosecution.

56. That as a result of the foregoing, Plaintiff **VANESSA PHILLIPS** seeks damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR THE NINTH CAUSE OF ACTION
## AGAINST DEFENDANT NYC FOR NEGLIGENT HIRING

57. Plaintiffs repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

58. At all time mentioned herein, Defendant NYC knew and/or should have known that it hired and continued to employ individuals who were unfit for the official duties delegated to them in that the abused their official authority and committed violations of constitutional rights of the U.S. citizens, including Plaintiffs.

59. Defendant NYC hired and continued to employ individuals unfit for the law

enforcement, investigatory and prosecutorial responsibilities to which they were assigned.

60. Defendant NYC hired and continued to employ individuals engaging in the unlawful practice of arresting, imprisoning and prosecuting U.S. citizens, including Plaintiffs, based on false and reliable information.

61. Defendant NYC negligently, with reckless disregard of the risk, and with deliberate indifference created a situation where it was likely that its officers, including **P.O. MICHAEL PUNCH, SERGEANT THOMAS LENT, SERGEANT JAMES CARBONARO, OFFICER DANIEL SHOOK, DEPUTY INSPECTOR JEFFREY MADDREY, LIEUTENANT JAMES STEVENSON, OFFICER ANTHONY GONZALEZ and OFFICER DAVID LAWRENCE and OFFICER BROWN and SCOTT ZINC**, would engage in unlawful acts during the course of their employment and cause others, including Plaintiffs, to be unlawfully arrested, imprisoned, prosecuted, and deprived of constitutional rights.

62. Defendant NYC deliberately turned a blind eye to the practices of its officers and in fact acquiesced in and condoned the acts of its employees

63. As a result, Plaintiffs **REGINA AIKEN, KELLY PHILLIPS, KEVIN PHILLIPS and VANESSA PHILLIPS** were injured to their damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over the matter.

**WHEREFORE**, Plaintiffs demands a judgment awarding damages against each and every Defendant in each separate cause of action in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter; punitive damages; and interest, attorneys fees, the costs and disbursements of this action; together with such other and further relief as to this Court seems just and proper.

Dated:   October 23, 2010
         New York, NY

                                        Respectfully submitted,

                                        /s GARY N. RAWLINS
                                        By:    Gary N. Rawlins, Esq.
                                        The Rawlins Law Firm, PLLC
                                        *Attorneys for Plaintiff*
                                        80 Broad Street, 5th Floor
                                        New York, NY 10004
                                        Phone: (212) 926-0050
                                        Fax:    (212) 926-0059

TO:

CITY OF NEW YORK

100 Church Street
New York, NY 10007

Michael Punch
1 Police Plaza
New York, NY 10038

Sergeant Thomas Lent
73rd Precinct
1470 East New York Avenue
Brooklyn, NY 11212

Sergeant James Carbonaro
1 Police Plaza
New York, NY 10038

Officer Daniel Shook
1470 East New York Avenue
Brooklyn, NY 11212

Lieutenant James Stevenson
1 Police Plaza
New York, NY 10038

Officer Anthony Gonzalez
1470 East New York Avenue
Brooklyn, NY 11212

Officer David Lawrence
And SCOTT ZINC
1 Police Plaza
New York, NY 10038

Deputy Inspector Jeffrey Maddrey
1000 Sutter Avenue
Brooklyn, NY 11212

OFFICER BROWN